IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| QBE Insurance Corporation, | ) | |
| | ) | C/A No. 7:11-351-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Angela Sellers as Personal | ) | |
| Representative of the Estate | ) | |
| of Erica Louise Sellers, Deceased; | ) | |
| and Walter Acosta, | ) | |
| | ) | |
| Defendants. | ) | |

_____

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim for failure to state a claim. (Dkt. # 16). Defendant Sellers has filed a response opposing the motion. For the reasons set forth below, Plaintiff's Motion is denied.

**Background/Procedural History**

This matter stems from an underlying wrongful death action ("the underlying action") filed on October 25, 2010 in the Cherokee County Court of Common Pleas by Defendant Angela Sellers ("Sellers") as personal representative of the estate of her deceased daughter, Erica Louise Sellers ("Erica"), against Joe Elmore, Defendant Walter Acosta ("Acosta"), and Minnow Creek Café and Seafood, LLC ("Minnow Creek Café"). On August 9, 2009, Erica died from injuries sustained in a one-car automobile accident. Erica, the driver and sole occupant, was driving under the influence of alcohol. Angela Sellers alleges that Acosta, the manager of Minnow Creek Café,

served alcohol to Erica, a minor.

Plaintiff QBE Insurance Corporation filed this declaratory judgment action pursuant to Rule 57, Fed. R. Civ. P., and 28 U.S.C. §§ 2201 & 2002 seeking to determine its obligations under a general commercial liability insurance policy to defend and indemnify Acosta in the underlying action. Plaintiff QBE contends that Acosta was not acting within the course and scope of his employment with Minnow Creek Café at the time Acosta allegedly served alcohol to Erica.

Defendant Sellers answered and filed a counterclaim alleging that, in addition to the commercial general liability insurance, Plaintiff QBE also sold Minnow Creek Café an insurance policy providing liquor liability coverage and this policy modified and extended coverage contained in the commercial general liability policy. (Answer & Counterclaim ¶¶ 17-19). Defendant Sellers contends that Acosta was acting within his duties as manger of Minnow Creek Café when Acosta allegedly served alcohol to Erica. Specifically, in her counterclaim, Defendant Sellers is seeking a declaratory judgment stating that Plaintiff QBE must provide coverage and indemnify Acosta in the underlying action. (*Id*. at ¶ 24.)

## Standard of Review

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir.1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 2007)). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557).

### Discussion

In its motion to dismiss, citing South Carolina case law, Plaintiff QBE argues that Sellers is not a party to the insurance policy and therefore cannot maintain a declaratory judgment regarding coverage against QBE. In response, Sellers argues federal law controls and, under federal law, she can assert such a declaratory judgment claim against QBE. The court agrees with Sellers.

Whether a party in federal court has standing to maintain an action is a question of federal, not state law. *Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 804 (1985) (holding "[s]tanding to sue in any Article III court is, of course, a federal question which does not depend on the party's prior standing in state court."); *White v. National Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir.1990) (holding "[f]ederal standards guide the inquiry as to the propriety of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction."); *Lott v. Scottsdale Ins. Co.*, --- F.Supp.2d ----, 2011 WL 4374824 * 3 n. 8 (E.D.Va. 2011)(holding "[i]n this circuit, a plaintiffs standing to maintain a declaratory judgment action is a question of federal law, even where, as here, a district court in diversity is called on to adjudicate a state-created right."). Thus, even if South Carolina courts might conclude that Sellers lacked standing to pursue a

3

declaratory judgment action against QBE, whether Sellers has standing to maintain this declaratory judgment action is a question that must be resolved applying federal law.

In *Miller v. Augusta Mut. Ins., Inc.*, 157 Fed. App. 632 (4th Cir. 2005), the court held that an injured party can assert a declaratory judgment action against the at-fault party's insurer to determine coverage. *See also Penn Am. Ins. Co. v. Valade*, 28 Fed. Appx. 253, 256-57 (4th Cir. 2002) (internal citation omitted).  Likewise, here, Sellers has standing to assert a counterclaim against QBE in this action.  Accordingly, Plaintiff's Motion to Dismiss Sellers' counterclaim is denied.

### Conclusion

For the foregoing reasons, Plaintiff's Motion to Dismiss (Dkt. # 16) is **DENIED.**

    **IT IS SO ORDERED.**

    s/Timothy M. Cain
    United States District Judge

Greenville, South Carolina
November 22, 2011